IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC.<br><br>    PLAINTIFF,<br><br>  v.<br><br>YAKIRA, L.L.C.; ACE HARDWARE CORP.; AÉROPOSTALE, INC.; AJAY SPORTS, INC.; BABIESRUS.COM, LLC; BCBG MAX AZRIA GROUP, INC.D/B/A BCBG D/B/A BCBGMAXAZRIA D/B/A MAZ AZRIA; BCBGMAXAZRIAGROUP, INC.; BELK, INC.; CASUAL MALE RETAIL GROUP, INC.; CHARLOTTE RUSSE HOLDING, INC.; CHARLOTTE RUSSE, INC.; CHRISTOPHER & BANKS CORP. D/B/A CHRISTOPHER & BANKS D/B/A CJ BANKS; CINEMARK HOLDINGS, INC.; CINEMARK USA, INC.; COST PLUS, INC. D/B/A COST PLUS WORLD MARKET; DICK'S SPORTING GOODS, INC.; DRESS BARN, INC. D/B/A MAURICE'S; ECKO COMPLEX, L.L.C.; ECKO DIRECT, LLC; ELIZABETH ARDEN, INC.; GNC NUTRITION CENTERS, INC. D/B/A GNC; GODIVA CHOCOLATIER, INC.; GSI COMMERCE, INC.; HAGGAR CLOTHING CO.; HAGGAR DIRECT, INC.; J.C. PENNEY COMPANY, INC.; JCP MEDIA L.P.; KIPLING NAUTICA INC.; KIPLING RETAIL USA, INC.; LEVI STRAUSS & CO.; MARC ECKO ENTERPRISES ACCESSORIES, LLC; MEE ACCESSORIES, LLC; MEE DIRECT LLC D/B/A MARC ECKO ENTERPRISES; MAURICES, INC.; MEXICAN RESTAURANTS, INC. D/B/A CASA OLE; NAUTICA ENTERPRISES, INC.; NAUTICA RETAIL USA, INC.; NEW YORK & COMPANY, INC.; PRO GOLF INTERNATIONAL, INC.; PRO GOLF OF AMERICA, INC.; QUICKSILVER, INC. D/B/A ROXY; RADIO SHACK CORP.; RESTORATION HARDWARE, INC.; SPANX, INC.; THE ROCKPORT COMPANY, LLC; THE TIMBERLAND CO. D/B/A TIMBERLAND CO.; | CIVIL ACTION NO. _____ |

| | |
|---|---|
| TOYS "R" US-DELAWARE, INC.; TOYSRUS.COM, LLC; AND WILSON'S LEATHER, INC.,<br><br>DEFENDANTS. | JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GEOTAG, INC. files this Complaint against YAKIRA, L.L.C.; ACE HARDWARE CORP.; AÉROPOSTALE, INC.; AJAY SPORTS, INC.; BABIESRUS.COM, LLC; BCBG MAX AZRIA GROUP, INC.D/B/A BCBG D/B/A BCBGMAXAZRIA D/B/A MAZ AZRIA; BCBGMAXAZRIAGROUP, INC.; BELK, INC.; CASUAL MALE RETAIL GROUP, INC.; CHARLOTTE RUSSE HOLDING, INC.; CHARLOTTE RUSSE, INC.; CHRISTOPHER & BANKS CORP. D/B/A CHRISTOPHER & BANKS D/B/A CJ BANKS; CINEMARK HOLDINGS, INC.; CINEMARK USA, INC.; COST PLUS, INC. D/B/A COST PLUS WORLD MARKET; DICK'S SPORTING GOODS, INC.; DRESS BARN, INC. D/B/A MAURICE'S; ECKO COMPLEX, L.L.C.; ECKO DIRECT, LLC; ELIZABETH ARDEN, INC.; GNC NUTRITION CENTERS, INC. D/B/A GNC; GODIVA CHOCOLATIER, INC.; GSI COMMERCE, INC.; HAGGAR CLOTHING CO.; HAGGAR DIRECT, INC.; J.C. PENNEY COMPANY, INC.; JCP MEDIA L.P.; KIPLING NAUTICA INC.; KIPLING RETAIL USA, INC.; LEVI STRAUSS & CO.; MARC ECKO ENTERPRISES  ACCESSORIES, LLC; MEE ACCESSORIES, LLC; MEE DIRECT LLC D/B/A MARC ECKO ENTERPRISES; MAURICES, INC.; MEXICAN RESTAURANTS, INC. D/B/A CASA OLE; NAUTICA ENTERPRISES, INC.; NAUTICA RETAIL USA, INC.; NEW YORK & COMPANY, INC.; PRO GOLF INTERNATIONAL, INC.; PRO GOLF OF AMERICA, INC.; QUICKSILVER, INC. D/B/A ROXY; RADIO SHACK CORP.; RESTORATION HARDWARE, INC.; SPANX, INC.; THE ROCKPORT COMPANY, LLC; THE TIMBERLAND CO. D/B/A TIMBERLAND

CO.; TOYS "R" US-DELAWARE, INC.; TOYSRUS.COM, LLC and WILSON'S LEATHER, INC. (collectively "Defendants"), as follows:

## PARTIES

1. Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation with a place of business in Plano, Texas.

2. On information and belief, Defendant YAKIRA, L.L.C. ("YAKIRA") has place of business in New York, New York.

3. On information and belief, Defendant ACE HARDWARE CORP. ("ACE") has place of business in Oak Brook, Illinois.

4. On information and belief, Defendant AÉROPOSTALE, INC. ("AEROPOSTALE") has place of business in Melbourne, Florida.

5. On information and belief, Defendant AJAY SPORTS, INC. ("AJAY SPORTS") has place of business in Farmington, Michigan.

6. On information and belief, Defendant BABIESRUS.COM, LLC ("BABIESRUS") has place of business in Wayne, New Jersey.

7. On information and belief, Defendant BCBG MAX AZRIA GROUP, INC.D/B/A BCBG D/B/A BCBGMAXAZRIA D/B/A MAZ AZRIA ("BCBG MAX AZRIA") has place of business in Vernon, California.

8. On information and belief, Defendant BCBGMAXAZRIAGROUP, INC. ("BCBGMAXAZRIAGROUP") has place of business in Vernon, California. Hereinafter BCBG MAX AZRIA and BCBGMAXAZRIAGROUP are collectively referred to as "MAX AZRIA."

9. On information and belief, Defendant BELK, INC. ("BELK") has place of business in Charlotte, North Carolina.

10. On information and belief, Defendant CASUAL MALE RETAIL GROUP, INC. ("CASUAL MALE") has place of business in Canton, Massachusetts.

11. On information and belief, Defendant CHARLOTTE RUSSE HOLDING, INC. ("CRHI") has place of business in San Diego, California.

12. On information and belief, Defendant CHARLOTTE RUSSE, INC. ("CRI") has place of business in San Diego, California.  Hereinafter CRHI and CRI are collectively referred to as "CHARLOTTE RUSSE."

13. On information and belief, Defendant CHRISTOPHER & BANKS CORP. D/B/A CHRISTOPHER & BANKS D/B/A CJ BANKS ("CJ BANKS") has place of business in Plymouth, Minnesota.

14. On information and belief, Defendant CINEMARK HOLDINGS, INC. ("CINEMARK HOLDINGS") has place of business in Plano, Texas.

15. On information and belief, Defendant CINEMARK USA, INC. ("CINEMARK USA") has place of business in Plano, Texas.  Hereinafter CINEMARK HOLDINGS and CINEMARK USA are collectively referred to as "CINEMARK."

16. On information and belief, Defendant COST PLUS, INC. D/B/A COST PLUS WORLD MARKET ("COST PLUS") has place of business in Oakland, California.

17. On information and belief, Defendant DICK'S SPORTING GOODS, INC. ("DICK'S") has place of business in Coraopolis, Pennsylvania.

18. On information and belief, Defendant DRESS BARN, INC. D/B/A MAURICE'S ("DBI") has place of business in Deluth, Minnesota.

19. On information and belief, Defendant ECKO COMPLEX, L.L.C. ("ECKO COMPLEX") has place of business in New York, New York.

20. On information and belief, Defendant ECKO DIRECT, LLC ("ECKO DIRECT") has place of business in New York, New York.

21. On information and belief, Defendant ELIZABETH ARDEN, INC. ("ELIZABETH ARDEN") has place of business in Miramar, Florida.

22. On information and belief, Defendant GNC NUTRITION CENTERS, INC. D/B/A GNC ("GNC") has place of business in Pittsburg, Pennsylvania.

23. On information and belief, Defendant GODIVA CHOCOLATIER, INC. ("GODIVA") has place of business in Pittsburg, Pennsylvania.

24. On information and belief, Defendant GSI COMMERCE, INC. ("GSI") has place of business in King of Prussia, Pennsylvania.

25. On information and belief, Defendant HAGGAR CLOTHING CO. ("HAGGAR CLOTHING") has place of business in Plano, Texas.

26. On information and belief, Defendant HAGGAR DIRECT, INC. ("HAGGAR DIRECT") has place of business in Plano, Texas. Hereinafter HAGGAR CLOTHING and HAGGAR DIRECT are collectively referred to as "HAGGAR."

27. On information and belief, Defendant J.C. PENNEY COMPANY, INC. ("JCPC") has place of business in Plano, Texas.

28. On information and belief, Defendant JCP MEDIA L.P. ("JCPM") has place of business in Plano, Texas. Hereinafter JCPC and JCPM are collectively referred to as "JCPENNEY."

29. On information and belief, Defendant KIPLING NAUTICA INC. ("KIPLING NAUTICA") has place of business in New York, New York.

30. On information and belief, Defendant KIPLING RETAIL USA, INC. ("KIPLING RETAIL") has place of business in New York, New York.

31. On information and belief, Defendant LEVI STRAUSS & CO. ("LEVI") has place of business in San Francisco, California.

32. On information and belief, Defendant MARC ECKO ENTERPRISES ACCESSORIES, LLC ("MARC ECKO ENTERPRISES ACCESSORIES") has place of business in New York, New York.

33. On information and belief, Defendant MEE ACCESSORIES, LLC ("MEE ACCESSORIES") has place of business in New York, New York.

34. On information and belief, Defendant MEE DIRECT LLC D/B/A MARC ECKO ENTERPRISES ("MEE DIRECT") has place of business in New York, New York. Hereinafter YAKIRA, ECKO COMPLEX, ECKO DIRECT, MARC ECKO ENTERPRISES ACCESSORIES, MEE ACCESSORIES and MEE DIRECT are collectively referred to as "MARC ECKO."

35. On information and belief, Defendant MAURICES, INC. ("MAURICES") has place of business in Houston, Texas. Hereinafter, DBI and MAURICES are collectively referred to as "DRESS BARN."

36. On information and belief, Defendant MEXICAN RESTAURANTS, INC. D/B/A CASA OLE ("MEXREST") has place of business in Houston, Texas.

37. On information and belief, Defendant NAUTICA ENTERPRISES, INC. ("NAUTICA ENTERPRISES") has place of business in New York, New York.

38. On information and belief, Defendant NAUTICA RETAIL USA, INC. ("NAUTICA RETAIL") has place of business in New York, New York. Hereinafter KIPLING

NAUTICA, KIPLING RETAIL, NAUTICA ENTERPRISES and NAUTICA RETAIL are collectively referred to as "NAUTICA."

39. On information and belief, Defendant NEW YORK & COMPANY, INC. ("NEW YORK") has place of business in New York, New York.

40. On information and belief, Defendant PRO GOLF INTERNATIONAL, INC. ("PGI") has place of business in Farmington, Michigan.

41. On information and belief, Defendant PRO GOLF OF AMERICA, INC. ("PGA") has place of business in Farmington, Michigan. Hereinafter AJAY SPORTS, PGI and PGA are collectively referred to as "PRO GOLF."

42. On information and belief, Defendant QUICKSILVER, INC. D/B/A ROXY ("QUICKSILVER") has place of business in Huntington Beach, California.

43. On information and belief, Defendant RADIO SHACK CORP. ("RADIO SHACK") has place of business in Fort Worth, Texas.

44. On information and belief, Defendant RESTORATION HARDWARE, INC. ("RESTORATION") has place of business in Tracy, California.

45. On information and belief, Defendant SPANX, INC. ("SPANX") has place of business in Atlanta, Georgia.

46. On information and belief, Defendant THE ROCKPORT COMPANY, LLC ("ROCKPORT") has place of business in Lancaster, Pennsylvania.

47. On information and belief, Defendant THE TIMBERLAND CO. D/B/A TIMBERLAND CO. ("TIMBERLAND") has place of business in Stratham, New Hampshire.

48. On information and belief, Defendant TOYS "R" US-DELAWARE, INC.;. ("TOYSRUS-D") has place of business in Wayne, New Jersey.

49. On information and belief, Defendant TOYSRUS.COM, LLC ("TOYSRUS.COM") has place of business in Wayne, New Jersey. Hereinafter, BABIESRUS, TOYSRUS-D and TOYSRUS.COM are collectively referred to as "TOYSRUS."

50. On information and belief, Defendant WILSON'S LEATHER, INC. ("WILSON'S") has place of business in Brooklyn Park, Minnesota.

## JURISDICTION AND VENUE

51. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

52. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive

websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

53. Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54. United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

55. GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

56. The claims of the '474 Patent cover, *inter alia,* systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically

replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

57. On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

58. On information and belief, ACE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.acehardware.com.

59. On information and belief, AEROPOSTALE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.aeropostale.com

60. On information and belief, MAX AZRIA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474

patent. On information and belief, such systems and methods comprise the store locator at www.bcbg.com.

61. On information and belief, BELK has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.belk.com.

62. On information and belief, CASUAL MALE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise find a store at www.casualmale.com.

63. On information and belief, CHARLOTTE RUSSE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.charlotterusse.com.

64. On information and belief, CJ BANKS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On

information and belief, such systems and methods comprise the store locator at www.christopherandbanks.com and/or www.cjbanks.com.

65. On information and belief, CINEMARK has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise search for tickets & locations by theatre at www.cinemark.com.

66. On information and belief, COST PLUS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.costplus.com.

67. On information and belief, DICK'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.dickssportinggoods.com.

68. On information and belief, DRESS BARN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.dressbarn.com and/or www.maurices.com

69. On information and belief, ELIZABETH ARDEN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.elizabetharden.com

70. On information and belief, GNC has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.gnc.com.

71. On information and belief, GODIVA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise visit our stores at www.godiva.com.

72. On information and belief, GSI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On

information and belief, such systems and methods comprise the store locators at www.acehardware.com; www.adidas.com; www.ae.com; www.aeropostale.com; www.bathandbodyworks.com; www.bcbg.com; www.belk.com; www.casualmale.com; www.charlotterusse.com; www.christopherandbanks.com; www.cjbanks.com; www.dickssportinggoods.com; www.elizabetharden.com; www.gnc.com; www.godiva.com; www.haggar.com; www.kipling.com; www.maurices.com; www.nautica.com; www.nyandcompany.com; www.progolf.com; www.quicksilver.com; www.radioshack.com; www.ralphlauren.com; www.restorationhardware.com; www.rockport.com; www.roxy.com; www.shopecko.com; www.spanx.com; www.sportsauthority.com; www.timberland.com; www.us.dockers.com; www.us.levi.com; www.wilsonsleather.com; www.worldmarket.com and/or www.zales.com.

73. On information and belief, HAGGAR has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.haggar.com.

74. On information and belief, JCPENNEY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.jcpenney.com

75. On information and belief, LEVI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.us.dockers.com and/or www.us.levi.com.

76. On information and belief, MARC ECKO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise visit our stores at www.shopecko.com.

77. On information and belief, MEXREST has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise find a nearest location at www.casaole.com.

78. On information and belief, NAUTICA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On

information and belief, such systems and methods comprise the store locator at www.nautica.com and/or www.kipling-usa.com.

79. On information and belief, NEW YORK has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.nyandcompany.com.

80. On information and belief, PRO GOLF has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.progolf.com.

81. On information and belief, QUICKSILVER has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.quicksilver.com and/or www.roxy.com.

82. On information and belief, RADIO SHACK has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.radioshack.com.

83. On information and belief, RESTORATION has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.restorationhardware.com.

84. On information and belief, SPANX has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.spanx.com.

85. On information and belief, ROCKPORT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.rockport.com.

86. On information and belief, TIMBERLAND has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.timberland.com.

87. On information and belief, TOYSRUS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.toysrus.com, www.babysrus.com and/or www.babyuniverse.com.

88. On information and belief, WILSON'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the store locator at www.wilsonsleather.com.

89. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

90. As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG. Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, GEOTAG respectfully requests that this Court enter:

1. A judgment in favor of GEOTAG that Defendants have infringed the '474 patent;

2. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '474 patent;

3. A judgment and order requiring Defendants to pay GEOTAG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '474 patent as provided under 35 U.S.C. § 284;

4. An award to GEOTAG for enhanced damages as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GEOTAG its reasonable attorneys' fees; and

6. Any and all other relief to which GEOTAG may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GEOTAG requests a trial by jury of any issues so triable by right.


December 22, 2010                                  Respectfully submitted,

                                                   GEOTAG, INC.

                                                   By: /s/ *John J. Edmonds*
                                                   John J. Edmonds – Lead Counsel
                                                   Texas Bar No. 789758
                                                   Michael J. Collins
                                                   Texas Bar No. 4614510
                                                   Stephen F. Schlather
                                                   Texas Bar No. 24007993
                                                   COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                   1616 S. Voss Road, Suite 125

Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

L. Charles van Cleef
Texas Bar No. 786305
Van Cleef Law Office
500 N Second Street
Longview, Texas 75601
(903) 238-8244
(903) 248-8249 Facsimile
charles@vancleef.net

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.