IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No.  2:10-cv-00587 |
| | § | |
| YAKIRA, LLC et al. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## DEFENDANT QUIKSILVER, INC. D/B/A ROXY'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Quiksilver, Inc. d/b/a Roxy (incorrectly named as "Quicksilver, Inc. d/b/a Roxy") (hereinafter "Quiksilver") hereby sets forth its Answer and affirmative defenses to Plaintiff Geotag, Inc.'s ("Geotag" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), as well as its counterclaims against Geotag.

## ANSWER TO COMPLAINT

Responding to the enumerated paragraphs of Geotag's Complaint, Quiksilver states as follows:

## PARTIES

1.      Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.      Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis denies them.

5.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint, and on that basis denies them.

7.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

29.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 29 of the Complaint, and on that basis denies them.

30.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 30 of the Complaint, and on that basis denies them.

31.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 31 of the Complaint, and on that basis denies them.

32.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 32 of the Complaint, and on that basis denies them.

33.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 33 of the Complaint, and on that basis denies them.

34.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 34 of the Complaint, and on that basis denies them.

35.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 35 of the Complaint, and on that basis denies them.

36.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 36 of the Complaint, and on that basis denies them.

37.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 37 of the Complaint, and on that basis denies them.

38.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 38 of the Complaint, and on that basis denies them.

39.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 39 of the Complaint, and on that basis denies them.

40.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 40 of the Complaint, and on that basis denies them.

41.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 41 of the Complaint, and on that basis denies them.

42.     Quiksilver admits that Quiksilver has a place of business in Huntington Beach, California.

43.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 43 of the Complaint, and on that basis denies them.

44.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 44 of the Complaint, and on that basis denies them.

45.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 45 of the Complaint, and on that basis denies them.

46.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 46 of the Complaint, and on that basis denies them.

47.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 47 of the Complaint, and on that basis denies them.

48.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 48 of the Complaint, and on that basis denies them.

49.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 49 of the Complaint, and on that basis denies them.

50.     Quiksilver is without sufficient information to either admit or deny the allegations in Paragraph 50 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

51.     Quiksilver admits that Paragraph 51 of the Complaint purports to set forth an action for patent infringement arising under the Patent Laws of the United States, but Quiksilver denies that Geotag has any viable claim thereunder.  Quiksilver admits that this Court has jurisdiction over the subject matter of Geotag's Complaint, but denies the legal sufficiency of Geotag's claims and allegations.  Quiksilver denies that it infringes any valid claim of the '474 Patent.  Quiksilver denies the remaining allegations of Paragraph 51.

52.     As to the allegations directed toward Quiksilver, Quiksilver admits only that its websites are used and/or accessible in this district, and denies the remaining allegations of Paragraph 52.  Quiksilver is without sufficient information to either admit or deny the allegations regarding other parties in this matter.

53.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 53 of the Complaint, and on that basis denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54.      Quiksilver admits that United States Patent No. 5,930,474 ("the '474 Patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," but denies that the '474 Patent was duly and legally issued on July 29, 1999.

55.      Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 55 of the Complaint, and on that basis denies them.

56.      Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 56 of the Complaint, and on that basis denies them.

57.      As to the allegations directed toward Quiksilver, Quiksilver denies the allegations contained in Paragraph 57 of the Complaint.  Quiksilver is without sufficient information to either admit or deny the allegations regarding other parties in this matter.

58.      Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 58 of the Complaint, and on that basis denies them.

59.      Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 59 of the Complaint, and on that basis denies them.

60.      Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 60 of the Complaint, and on that basis denies them.

61.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 61 of the Complaint, and on that basis denies them.

62.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 62 of the Complaint, and on that basis denies them.

63.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 63 of the Complaint, and on that basis denies them.

64.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 64 of the Complaint, and on that basis denies them.

65.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 65 of the Complaint, and on that basis denies them.

66.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 66 of the Complaint, and on that basis denies them.

67.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 67 of the Complaint, and on that basis denies them.

68.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 68 of the Complaint, and on that basis denies them.

69.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 69 of the Complaint, and on that basis denies them.

70.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 70 of the Complaint, and on that basis denies them.

71.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 71 of the Complaint, and on that basis denies them.

72.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 72 of the Complaint, and on that basis denies them.

73.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 73 of the Complaint, and on that basis denies them.

74.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 74 of the Complaint, and on that basis denies them.

75.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 75 of the Complaint, and on that basis denies them.

76.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 76 of the Complaint, and on that basis denies them.

77.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 77 of the Complaint, and on that basis denies them.

78.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 78 of the Complaint, and on that basis denies them.

79.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 79 of the Complaint, and on that basis denies them.

80.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 80 of the Complaint, and on that basis denies them.

81.     Quiksilver denies the allegations contained in Paragraph 81 of the Complaint.

82.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 82 of the Complaint, and on that basis denies them.

83.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 83 of the Complaint, and on that basis denies them.

84.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 84 of the Complaint, and on that basis denies them.

85.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 85 of the Complaint, and on that basis denies them.

86.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 86 of the Complaint, and on that basis denies them.

87.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 87 of the Complaint, and on that basis denies them.

88.     Quiksilver is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 88 of the Complaint, and on that basis denies them.

89.     To the extent the allegations of paragraph 89 of the Complaint are directed at Quiksilver, they are denied.  Quiksilver is without sufficient information to either admit or deny the allegations regarding other parties in this matter.

90.     To the extent the allegations of paragraph 90 of the Complaint are directed at Quiksilver, they are denied.  Quiksilver is without sufficient information to either admit or deny the allegations regarding other parties in this matter.

## PRAYER FOR RELIEF

91.     Quiksilver denies that it infringes any valid and enforceable claim of the '474 Patent.  Therefore, Quiksilver denies that Geotag is entitled to any of the declarations, injunctions, damages, fees, costs, or other relief prayed for in Geotag's Complaint.

## DEMAND FOR JURY TRIAL

92.     Quiksilver admits that the Complaint purports to demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEFENSES

93.     Quiksilver's Affirmative Defenses are listed below.  Quiksilver reserves the right to amend its Answer to add additional affirmative defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## QUIKSILVER'S FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

94.     Geotag's Complaint fails to state a claim upon which relief can be granted against Quiksilver.

## QUIKSILVER'S SECOND AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

95.     Quiksilver does not and has not infringed, either directly, contributorily, or by inducement, any valid claim of the '474 Patent.

## QUIKSILVER'S THIRD AFFIRMATIVE DEFENSE

**(INVALIDITY)**

96.     Each of the claims of the '474 Patent is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

**QUIKSILVER'S FOURTH AFFIRMATIVE DEFENSE
(PROSECUTION HISTORY ESTOPPEL)**

97.     On information and belief, by reasons of statements and representations made by the inventor or its assignor(s) to the United States Patent and Trademark Office during the prosecution of applications for issuance of the '474 Patent, or by reason of prior acts, Geotag is estopped from asserting infringement of the '474 Patent under the doctrine of equivalents.

**QUIKSILVER'S FIFTH AFFIRMATIVE DEFENSE
(WAIVER, LACHES, ESTOPPEL)**

98.     Geotag is barred in whole or in part from asserting the '474 Patent against Quiksilver by the doctrine of waiver, laches, and/or estoppel.

**QUIKSILVER'S SIXTH AFFIRMATIVE DEFENSE
(ADEQUATE REMEDY AT LAW)**

99.     Geotag is not entitled to injunctive relief because any alleged injury to Geotag is not immediate or irreparable, and Geotag has an adequate remedy at law.

**QUIKSILVER'S SEVENTH AFFIRMATIVE DEFENSE
(FAILURE TO MARK)**

100.     Geotag's claim for relief is limited in whole or in part by its failure to comply with 35 U.S.C. § 287.

101.     Quiksilver reserves any and all right to amend its Answer and Defenses to Geotag's Complaint and to add additional defenses as they become apparent.

## QUIKSILVER'S COUNTERCLAIMS

For its counterclaims against Geotag, Quiksilver alleges the following:

## NATURE OF ACTION

1.      This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the '474 Patent.

2.      Quiksilver, Inc. d/b/a Roxy is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Huntington Beach, California.

3.      Geotag has alleged that it is a Delaware Corporation, having a place of business in Plano, Texas.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this counterclaim pursuant to 35 U.S.C. §§ 101 *et seq.*, 35 U.S.C. § 1125, and 28 U.S.C. §§ 1331, 1338, 2201, and 2202 as they arise under the Patent Laws of the United States.

5.      By filing its Complaint, Geotag has consented to the personal jurisdiction of this Court.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400.

## COUNT I
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

7.      Quiksilver hereby re-alleges and incorporates by reference paragraphs 1 through 6 above as though fully set forth herein.

8.      On information and belief, Geotag represents that the '474 Patent was issued by the United States Patent and Trademark Office on July 29, 1999.

9.      On information and belief, Geotag claims to own by assignment the '474 Patent.

10.     Geotag has asserted that Quiksilver infringes the '474 Patent.  Thus, an actual, substantial controversy exists between Quiksilver and Geotag concerning Quiksilver's noninfringement of the '474 Patent.

11.     Quiksilver is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the '474 Patent.

12.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Quiksilver is entitled to a declaratory judgment that it does not infringe any claim of the '474 Patent.

13.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving Geotag's claims of infringement.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY)

14.     Quiksilver hereby re-alleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15.     One or more of the claims of the '474 Patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, or 256.

16.     Geotag has asserted that the '474 Patent is valid and infringed by Quiksilver. Thus, an actual, substantial controversy exists between Quiksilver and Geotag concerning the invalidity of the '474 Patent.

17.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Quiksilver is entitled to a declaratory judgment that the '474 Patent is invalid.

18.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving Geotag's claims of infringement.

## RESERVATION OF RIGHTS

Quiksilver reserves any and all rights to amend its Counterclaims to Geotag's Complaint and to add additional claims as they become apparent.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, Quiksilver is entitled to recovery from Geotag of Quiksilver's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Quiksilver respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a)     A declaration that Quiksilver does not infringe any claim of U.S. Patent No. 5,930,474;

(b)     A declaration that U.S. Patent No. 5,930,474 is invalid;

(c)     Dismissal of Geotag's claims in their entirety with prejudice;

(d)     A declaration that Geotag take nothing by way of its Complaint;

(e)     An order finding that this is an exceptional case and awarding Quiksilver its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

(f)     An order awarding Quiksilver costs pursuant to 35 U.S.C. § 284; and

(g)     An order awarding Quiksilver such additional relief as this Court may deem just and proper under the circumstances.

## JURY REQUEST

Quiksilver requests a trial by jury on all issues so triable.

Dated: June 9, 2011                         Respectfully submitted,


                                              /s/ Lance Vincent
                                            _____
                                             Lance Vincent
                                            Texas State Bar No. 20585580
                                            RITCHESON, LAUFFER, & VINCENT PC
                                            Two American Center
                                            821 ESE Loop 323, Suite 530
                                            Tyler, TX  75701
                                            lancev@rllawfirm.net

                                            Mark P. Wine
                                            Calif. State Bar No. 189897
                                            Thomas J. Gray
                                            Calif. State Bar No. 191411
                                            Benjamin S. Lin
                                            Calif. State Bar No. 232735
                                            ORRICK, HERRINGTON & SUTCLIFFE
                                            LLP
                                            4 Park Plaza, Suite 1600
                                            Irvine, CA  92614
                                            Tel:  (949) 567-6700
                                            Fax:  (949) 567-6710
                                            mwine@orrick.com
                                            tgray@orrick.com
                                            blin@orrick.com

                                            **ATTORNEYS FOR DEFENDANT
                                            QUIKSILVER, INC. D/B/A ROXY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 10, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ Lance Vincent