# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**FRONTIER COMMUNICATIONS CORP.,** *et al.* | **2:10-cv-00265-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**YELLOWPAGES.COM LLC** | **2:10-cv-00272-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**GEORGIO ARMANI S.P.A.,** *et al.* | **2:10-cv-00569-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**AROMATIQUE, INC.,** *et al.* | **2:10-cv-00570-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**GUCCI AMERICA, INC.,** *et al.* | **2:10-cv-00571-TJW-CE** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**STARBUCKS CORP.,** *et al.* | **2:10-cv-00572-TJW** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**RENT-A-CENTER, INC.,** e*t al.* | **2:10-cv-00573-TJW-CE** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**THE WESTERN UNION COMPANY,** e*t al.* | **2:10-cv-00574-DF-CE** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**ROYAL PURPLE, INC.,** e*t al.* | **2:10-cv-00575-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**YAKIRA, L.L.C.,** e*t al.* | **2:10-cv-00587-TJW** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.,** e*t al.* | **2:11-cv-00175-DF** |

# PLAINTIFF'S MOTION FOR ENTRY OF CASE MANAGEMENT PLAN
# AND DOCKET CONTROL ORDER

Plaintiff GeoTag, Inc. ("GeoTag") moves the Court for the entry of a case management

plan and docket control order to govern the above-captioned actions (the "GeoTag litigation").

## INTRODUCTION

**The GeoTag Litigation.** The GeoTag litigation concerns a single patent – U.S. Patent No. 5,930,474 (the "`474 patent"). The `474 patent relates generally to geographical search technology made available through the Internet and functionality such as online yellow pages and "store locator" technology found on many websites.

The GeoTag Litigation that is the subject of this proceeding commenced in July 2010, when GeoTag sued 14 defendants in a case styled *GeoTag, Inc. v. Frontier Communications Corp., et al.*, No. 2:10-cv-00265, and Yellowpages.com LLC in a case styled *GeoTag, Inc. v. Yellowpages.com LLC*, No. 2:10-cv-00272.[1] These lawsuits involve claims directed at companies whose business operations primarily involve the provision of on-line directories organized, in part, on the geographic location of the businesses or people that are the subject of the directories.

In December 2010, GeoTag filed eight additional lawsuits directed primarily at online retailers who offer store locator technology as well as website pages relating to "careers" or other subjects using geographical search functionality (the "GeoTag Store Locator Actions").[2] In March 2011, GeoTag filed a lawsuit against a vendor of store locator technology – Where 2 Get It, Inc. – after Where2GetIt filed a declaratory judgment action in Delaware while engaged in settlement discussions with GeoTag. In the fall of 2011, GeoTag filed additional lawsuits

---

[1]  Five defendants in the *Frontier* case have been dismissed.

[2]  *See GeoTag, Inc. v. Georgio Armani S.P.A., et al.*, No. 2:10-cv-00569-DF-CMC; *GeoTag, Inc. v. Aromatique, Inc., et al.*, No. 2:10-cv-00570-DF-CMC; *GeoTag, Inc. v. Gucci America, Inc., et al.*, No. 2:10-cv-00571-DF-CMC; *GeoTag, Inc. v. Starbucks Corp., et al.*, No. 2:10-cv-00572-DF-CMC; *GeoTag, Inc. v. Rent-A-Center, Inc., et al.*, No. 2:10-cv-00573-DF-CMC; *GeoTag, Inc. v. The Western Union Company, et al.*, No. 2:10-cv-00574-DF-CMC; *GeoTag, Inc. v. Royal Purple, Inc., et al.*, No. 2:10-cv-00575-DF-CMC; *GeoTag, Inc. v. Yakira, L.L.C., et al.*, No. 2:10-cv-00587-DF-CMC.

against other online retailers providing store locator, "careers" and other accused geographical search functionality.[3] Since the inception of the GeoTag Litigation, 72 defendants have been voluntarily dismissed as a result of settlement or other disposition of the claims involving those defendants.

In 2006, GeoTag's predecessor filed an action asserting claims for infringement of the `474 patent against Verizon Communications and Idearc Information Services styled *Geomas International vs. Idearc Information Services*, Civil Action No. 2:06-cv-00475-CE. During the *Geomas* litigation, the Court issued a detailed claim construction ruling. *See* Exhibit A. The *Geomas* case was settled shortly before trial.

**The Docket Control Orders Entered in the *Yellopwpages.com* and *Frontier* Cases.** On February 16, 2011, Judge Ward held a scheduling conference in Case Nos. 2:10-cv-265 ("*Frontier*") and 2:10-cv-272 ("*Yellowpages.com*"). In March 2011, Judge Ward entered separate docket control orders governing the schedule in those actions through trial. These docket control orders are attached as Exhibits B and C. Counsel for all of the parties in the above-captioned actions have agreed that the *Yellopwpages.com* and *Frontier* cases should continue to proceed in accordance with those docket control orders with one exception. The parties in these two actions agree that the date for the claim construction hearing should be the same in both cases – November 20, 2012.

**The Microsoft, Google and Where2GetIt Declaratory Judgment Actions.** On March 1, 2011, Microsoft Corporation and Google, Inc., filed a declaratory judgment action in

---

[3] *See GeoTag, Inc. v. Circle K Stores, Inc.*; No. 2:11-cv-00405-DF-CMC; *GeoTag, Inc. v. Eye Care Centers of America, Inc.*; No. 2:11-cv-00404-DF-CMC; *GeoTag, Inc. v. Zoosk, Inc.*; No. 2:11-cv-00403-DF-CMC; *GeoTag, Inc. v. 7-Eleven*; No. 2:11-cv-424-DF-CMC; *GeoTag, Inc. v. AMERCO, et al.*; No. 2:11-cv-00421-DF-CMC; *GeoTag, Inc. v. Classified Ventures, LLC*; No. 2:11-cv-00426-DF-CMC; *GeoTag, Inc. v. Sunbelt Rentals, Inc.*; No. 2:11-cv-00425-DF-CMC. These relatively new cases are not the subject of this proceeding involving the entry of a case management plan relating to the cases identified above.

Delaware federal court seeking a declaration that the use of Microsoft's "Bing Maps" service and Google's "Google Maps" service does not infringe the `474 patent and that the `474 patent is invalid.[4]  On March 14, 2011, Where 2 Get It, Inc. – a provider of store locator technology – also filed a declaratory judgment action against GeoTag seeking essentially the same relief.[5]  In that litigation, Microsoft, Google and Where2GetIt have asserted that they have received over 100 indemnity requests from defendants sued in this litigation, and that they want an "expedited" resolution of GeoTag's infringement claims against their customers because those claims have "placed a cloud on [their] mapping services."  *See* Exhibits D-G.  As explained below, GeoTag's case management proposal attempts to accommodate this concern by Microsoft and Google by expediting the disposition of GeoTag's claims against the customers of Microsoft, Google, and Where2GetIt.[6]

**The *Western Union* Case Scheduling Conference.**  Magistrate Judge Everingham held a scheduling conference on August 9, 2011 in one of the GeoTag lawsuits – *GeoTag, Inc. v. The Western Union Company, et al.*, No. 2:10-cv-00574-DF-CMC.  Prior to that hearing, counsel for GeoTag and several of the defendants in the GeoTag litigation agreed that the GeoTag Litigation should be coordinated before a single judge and that a single claim construction should be held for all of the GeoTag Litigation.  *See* Exhibits I and J.  Judge Everingham ordered the parties to meet and confer regarding a proposed case management plan that would address all of the GeoTag litigation.

---

[4]  *See Microsoft Corporation, et al. v. GeoTag, Inc.*; No. 1:11-cv-00175-RGA.

[5]  *See Where 2 Get It, Inc. v. GeoTag, Inc.*; No. 1:11-cv-00223-RGA.  As discussed above, Where2GetIt filed this lawsuit while it was discussing settlement with GeoTag.  GeoTag has filed a motion to dismiss or transfer Where2GetIt's lawsuit for this and other reasons.

[6]  As explained in GeoTag's briefs and oral argument at the November 9, 2011 hearing held by this Court, there are numerous reasons why the declaratory judgment action filed by Microsoft and Google will not expedite the resolution of GeoTag's claims against their customers.  *See* Exhibit H at 16-25.

**The Parties' Initial Proposed Case Management Plans for the GeoTag Litigation.**

On October 7, 2011, the parties submitted to the Court a Joint Motion for Entry of Docket Control Order (Dkt No. 407). *See* Exhibit K. The parties submitted two proposed docket control orders – one for the *Yellopwpages.com* and *Frontier* cases and another for the GeoTag Store Locator Actions filed in late 2010 and early 2011. Although the parties could not reach agreement regarding all scheduling issues, the parties did agree to a schedule including the following deadlines:

| | | | |
|---|---|---|---|
| 2 | Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions of a reasonable number of representative claims | Patent L.R. 3-1 | Nov. 21, 2011 |
| 3 | Patentee makes Document Production Accompanying Disclosure | Patent L.R. 3-2 | Nov. 21, 2011 |
| 4 | Initial Disclosures | FRCP 26(a)(1) | Jan. 17, 2012 |
| | * * * | | |
| 7 | Accused Infringer serves Preliminary Invalidity Contentions | Patent L.R. 3-3 | Feb. 10, 2012 |
| 8 | Accused Infringer makes Document Production Accompanying Preliminary Invalidity Contentions | Patent L.R. 3-4 | Feb. 10, 2012 |

*See* Exhibit B to attached Exhibit K.  As discussed below, the defendants have now decided to renege on these agreed deadlines.  On October 26, 2011, the parties submitted briefs regarding their respective proposals for a case management plan for the GeoTag Litigation.  *See* Exhibits L and M.

**The November 9, 2011 Case Management Conference and the Parties' Subsequent Meet and Confer Efforts Regarding Proposed Case Management Plans for the GeoTag Litigation.**  On November 9, 2011, Judge Folsom held a scheduling conference to address the parties proposed docket control orders for managing the litigation.  *See* Exhibit H for a transcript of this hearing.  At the hearing, the parties reiterated their agreement that the Court should hold a common claim construction hearing for all of the GeoTag litigation cases.  *See* Exhibit H at 28.  At the conclusion of the hearing, Judge Folsom directed the parties to meet and confer again to discuss a case management plan, pending the Court's decision on various motions to stay filed by several defendants.

On November 14, 2011, the Court entered an order denying the pending motions to stay without prejudice.  The Court also entered an order denying without prejudice the parties' motions for entry of a docket control order.  In that order, the directed the parties to meet and confer again regarding developing a case management plan and pointed to several case management orders entered by Judge Davis in other multi-defendant cases.[7]

---

[7] *Parallel Networks LLC v. Abercrombie & Fitch Co., et al.*, Civil Action No. 6:10-CV-111, Dkt. No. 338 (E.D. Tex. Mar. 25, 2011) & Dkt. No. 566, 2011 WL 3609292 (E.D. Tex. Aug. 12, 2011); *Uniloc USA, Inc., et al. v. Sony Corp. of Am., et al.*, Civil Action No. 6:10-CV-373, Dkt. No. 126 (E.D. Tex. May 20, 2011); and *Wordcheck Tech, LLC v. Alt-N Techs., Ltd., et al.*, Civil Action No. 6:10-CV-457, Dkt. No. 525 (E.D. Tex. July 20, 2011).

On November 21, 2011, GeoTag served its P.R. 3-1 and 3-2 infringement contentions and disclosures for all of the defendants in the GeoTag Store Locator Actions, as it promised to do in its proposed docket control order.

Throughout December 2011, counsel for the parties have exchanged proposed case management plans and met and conferred regarding their respective proposals. Unfortunately, the parties have not been able to reach an agreement regarding a case management plan for the GeoTag litigation.

**GeoTag's Proposed Case Management Plan.** GeoTag proposes a case management plan that incorporates procedures identified by Judge Davis as potentially helpful to resolving patent infringement claims asserted against a large number of defendants efficiently while ensuring that GeoTag is not prejudiced by an unjustified *de facto* stay of its claims pending an unspecified dispositive motion to be filed by the defendants.

GeoTag's proposed case management plan is as follows:

1. All parties in the GeoTag Store Locator Actions shall serve Initial Disclosures within 20 days of the entry of the Case Management Plan. If source code relevant to any Defendant's accused instrumentalities is not in the possession, custody or control of a Defendant, then the Defendant shall identify which third party is in possession, custody or control of such source code. In addition, any Defendant claiming to be indemnified in whole or in part by another party for any alleged liability in these actions shall identify the asserted indemnitor and describe the nature of the claim of indemnification and the asserted indemnitor's response to the claim of indemnity.

2. All Defendants in the GeoTag Store Locator Actions shall serve their P.R. 3-3 and 3-4 Invalidity Contentions and Disclosures within 30 days of the entry of the Case Management Plan.[8]

3. Any Defendants in the GeoTag Store Locator Actions identifying Microsoft, Google or Where2GetIt as asserted indemnitors ("Indemnified Defendants") shall, subject to protective order, make source code and documents describing the functionality of source code

---

[8] As pointed out above, all Defendants have had GeoTag's infringement contentions since November 21, 2011. Furthermore, the Defendants in the *Frontier* and *Yellowpages.com* cases have already served invalidity contentions. Thus, this deadline provides ample time for Defendants to serve their invalidity contentions.

("Source Code Materials") relevant to any of its accused instrumentalities available to Plaintiff within 60 days of the entry of the Case Management Plan.[9]

4.  Plaintiff shall serve amended infringement contentions with respect to an Indemnified Defendant to incorporate any facts disclosed in the Source Code Materials produced by that Defendant within 75 days of the date the Indemnified Defendant makes its Source Code Materials available to Plaintiff for inspection and review. Plaintiff may request leave to extend this deadline depending on the source code disclosure upon showing good cause (e.g., the number of Defendants choosing early disclosure of source code, the volume of source code to review, whether the disclosed source code is printed or produced on a stand-alone a computers with limited access, the number of corresponding cites to incorporate in to the P.R. 3-1(c) chart).[10]

5.  All Defendants in the GeoTag Store Locator Actions shall provide disclosures regarding sales and financial data relating to the Accused Instrumentalities (e.g., amount of in-store and on-line sales, statistics relating to the use of any Accused Instrumentality (e.g. store or dealer locator, careers or other accused functionality, and revenue derived from the use of any Accused Instrumentality other than store locator, careers or weekly coupons functionality, such as an on-line directory or other geographic search-based functionality) within 60 days of the entry of the Case Management Plan.

6.  Plaintiff will produce, subject to protective order, settlement agreements relating to the `474 patent and discoverable documents relating to the prior litigation involving the `474 patent (including any briefs relating to claim construction issues) within 60 days of the entry of the Case Management Plan.

7.  Indemnified Defendants shall be subject to normal discovery proceedings pursuant to the Federal Rules of Civil Procedure and any applicable discovery order. Except as described herein, all discovery relating to defendants other than Indemnified Defendants shall be stayed. This includes a stay of any discovery initiated by or on behalf of any such defendants.

8.  Any Defendant may produce Source Code Materials relevant to its accused instrumentalities at any time. Plaintiff shall serve amended infringement contentions with respect to any such Defendant's accused instrumentalities within 75 days of the date the Defendant makes its Source Code Materials relevant to those instrumentalities available to Plaintiff for inspection and review.

8.  Indemnified Defendants shall participate in mandatory mediation within 120 days of the entry of the Case Management Plan. Any other defendant may request to participate in mandatory mediation.

9.  If a party seeks expedited construction of any claim term, the party shall file a

---

[9] As discussed elsewhere, these parties have expressly demanded expedited resolution of GeoTag's claims against them.

[10] This follows the procedure adopted by Judge Davis in other multi-defendant cases.

three-page letter brief with the court describing the claim construction issue and explaining why expedited consideration of the issue would be in the interests of justice and serve to streamline the litigation. The court will then evaluate how to proceed.

10. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.[11]

11. Claim construction proceedings as set forth in P.R 4 shall follow the deadlines for those proceedings as set forth in the docket control orders entered in *GeoTag, Inc. v. Frontier Communications Corp., et al.*, No. 2:10-cv-00265, and *GeoTag, Inc. v. Yellowpages.com LLC*, No. 2:10-cv-00272.

12. If a Defendant other than an "Indemnified Defendant" intends to file or join in any dispositive motion practice, such defendant shall give notice of such intention no less than six months prior to initiating or joining in such dispositive motion practice. Upon giving such notice, such defendant shall be treated the same as an "Indemnified Defendant" for purposes of discovery, and shall produce, subject to protective order, ("Source Code Materials") no later than 30 days after providing such notice.[12]

13. To the extent any Defendant who is authorized to conduct discovery directed at GeoTag intends to take the deposition of the GeoTag or one of its managing agents, officers or employees, such Defendant shall give notice to all parties in the GeoTag Litigation of such intention and all defendants shall be required to participate in such deposition.[13]

GeoTag's proposed case management plan is consistent with the principles enunciated by Judge Davis in other multi-defendant cases directed to expedited, efficient and fair disposition of such litigation.

For example, GeoTag's proposed case management plan provides for limited disclosure of information by all parties (*e.g.*, Initial Disclosures, summary financial data and settlement

---

[11] This procedure follows the procedure set forth in the docket control orders entered in the *Frontier* and *Yellowpages.com* cases.

[12] This enables any defendant to pursue a dispositive motion if it wants to while preserving GeoTag's right to conduct necessary discovery to oppose any such motion.

[13] This protects GeoTag's employees from the undue burden of being subjected to duplicative depositions.

agreements) that will facilitate informal resolution of GeoTag's claims with respect to many Defendants without the need for full-blown discovery.

In addition, given that Microsoft, Google and Where2GetIt have filed declaratory judgment actions asserting that GeoTag's infringement claims against their customers have "placed a cloud" over their location-oriented services and that they desire an expedited resolution of these claims, GeoTag's proposal gives priority to GeoTag's claims against the customers of these companies sued in the GeoTag litigation. It would be hypocritical for Microsoft, Google and Where2GetIt and their customers whose defense they control to oppose a case management plan that enables them to obtain the expeditious resolution of GeoTag's claims they have told this and other Courts they desperately want.

Moreover, the orders entered by Judge Davis confirm that early mandatory mediation has been an effective tool for facilitating the inexpensive and fair resolution of claims in multi-defendant cases such as this. *See Wordcheck Tech, LLC v. Alt-N Techs., Ltd., et al.*, Civil Action No. 6:10-CV-457, Dkt. No. 525 (E.D. Tex. July 20, 2011) ("the early mediation appears to have been successful because many of the original 124 defendants have now been eliminated from the case.")

On the other hand, the Defendants' case management proposal, as last described to GeoTag, is a thinly disguised motion to stay all discovery in this case pending the filing at some date in the future an unspecified dispositive motion. The Defendants proposal only provides for the "voluntary" disclosure of source code by Defendants and for no other discovery of or disclosures by the Defendants. The Defendants have not provided any description of what dispositive motions it intends to file or the grounds for such motions that would justify such a massive deprivation of GeoTag's discovery rights.

Judge Davis rejected a similar proposal in *Wordcheck*. There, several defendants requested a "mini-*Markman* hearing. Judge Davis rejected the request, pointing out that "[t]he Court will not grant a mini-*Markman* unless a party can demonstrate that construction of a very narrow set of terms could resolve the case as to most, if not all, parties." *Id.* at 3. In this litigation, the Defendants have not made any showing that they have grounds for filing a dispositive motion that could have such a case-dispositive effect. Indeed, when GeoTag's counsel requested an identification of any case dispositive claim term issues underlying the Defendants' proposal, Defendants' counsel refused to respond. *See* Exhibit N.

Other Texas courts also have rejected motions to stay pending a dispositive motion. These courts have pointed out that a federal district court has discretion to stay discovery **only** "for good cause shown." *Von Drake v. NBC*, 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004), citing Fed. R. Civ. P. 26(c). While discovery may be stayed pending the outcome of a motion **already filed and pending**, "the issuance of [a] stay is by no means automatic." *Id.*, quoting *Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In fact, such a stay is the exception rather than the rule. *i2 Techs. US, Inc. v. Lanell*, 2002 U.S. Dist. LEXIS 12067, at 1 (N.D. Tex. May 6, 2002). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). In this case, the Defendants have not filed a motion that could conceivably justify a stay of discovery, but they have not even described the potential basis for a case-dispositive motion to justify a stay of discovery.

Moreover, Defendants' proposal is impossible to reconcile with their previous proposal to the Court providing for Defendants to serve Initial Disclosures, invalidity contentions and engage in general discovery.  *See* Exhibit B to attached Exhibit K discussed above.  Indeed, after GeoTag complied with its promise to serve its infringement contentions regarding **all** Defendants in the GeoTag Litigation on November 21, 2011, the Defendants now have reneged on its previous proposal.  This is fundamentally unfair.

Thus, GeoTag submits that its proposed case management plan is sensible, fair and will facilitate the efficient resolution of the claims in this complex case.

Dated: January 20, 2012					Respectfully submitted,

							By: /s/ *Hao Ni*
							Hao Ni
							Texas Bar No. 24047205
							hni@nilawfirm.com
							Stevenson Moore V
							Texas Bar No. 24076573
							smoore@nilawfirm.com
							Ni Law Firm, PLLC
							3102 Maple Ave, Ste 400
							Dallas, TX 75201
							Tel: 214-800-2208
							Fax: 214-800-2209

							**ATTORNEYS FOR PLAINTIFF**
							**GEOTAG, INC**

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 20th day of January, 2012.  Any other counsel of record will be served by facsimile transmission.

                                        */s/ Hao Ni*
                                        Hao Ni