# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION and GOOGLE INC.,

    Plaintiffs,

- vs. -

GEOTAG, INC.,

    Defendant.

Case No. 1:11-cv-00175-BMS

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER

EXHIBIT E

Court for the majority of witnesses. GeoTag has named only one material witness in the Eastern District of Texas. For the remaining witnesses, this Court is more convenient.

There is also no substantial relationship between Texas and this dispute. There are no mapping service providers based in the Eastern District of Texas. GeoTag is a non-practicing entity that was incorporated in the last year, just before it began filing lawsuits. Plaintiffs should not be able to manufacture venue simply creating a sham office in Texas.

Further, in this Court, the parties can have an orderly and expedited resolution of the claims. In contrast, the litigation in the Eastern District of Texas will take many years to complete and will be unmanageable given the task of coordinating with over 300 defendants. This is exacerbated by the fact that Judges Ward and Folsom, who have been assigned the GeoTag cases, have announced they are retiring from the bench. The delay and inevitable chaos in the Texas cases will unfairly prejudice Plaintiffs, who must wait years while their products suffer under the specter of GeoTag's baseless patent claims. Transfer is inconsistent with judicial economy and the orderly management of disputes, and does not promote the "interest of justice" required for a § 1404 transfer.

At the very least, the Court should give Plaintiffs an opportunity for discovery prior to dismissing or transferring this action. Such discovery will include the deposition of GeoTag's declarant(s) concerning the facts asserted in the declaration(s). These facts include the nature of GeoTag's business and its allegations against Plaintiffs' customers. Plaintiffs have requested such discovery, but GeoTag has refused.

This opposition is supported by the declarations of Ramsey Al-Salam, Keith Kinnan and Carlos Cuesta filed herewith. The declarations confirm the material facts cited below.

## II.  PERTINENT FACTS

**A.  GeoTag Is a Delaware Corporation in the Business of Filing Lawsuits**

GeoTag was incorporated as a Delaware corporation on July 26, 2010, just prior to its filing of patent suits for alleged infringement of the '474 patent. Complaint, ¶ 19 (D.I. 1). GeoTag maintains a staff of three employees and purports to lease an "office" in Plano, Texas for

suit involving the '474 patent . . . ." Motion at 15. Again, this is misleading. Most of the current cases are assigned to Judge Ward who has already announced that he will be leaving the bench in October, prior to any claim construction proceedings or trial in the instant cases.[8]  Al-Salam Decl., ¶ 5. In fact, given that Judge Folsom of the Eastern District has also announced that he will step down, *id.*, there is a strong likelihood that the Texas cases will be unable to go to trial for years. This congestion and delay clearly disfavors transfer. *See Upjohn*, 1986 WL 7515, at *2 (considering court congestion of the transferee forum as a factor weighing against transfer) ("A transfer to . . . one of the largest and busiest courts in the federal system, inevitably would mean some delay, even if the matter receives an early hearing. Both parties and the Court have an interest in swift resolution of the pending motion and this case."); *Procter & Gamble Co. v. McNeil-PPC, Inc.*, No. 08-CV-251-BBC, 2008 WL 3992766, at *1 (W.D. Wis. Aug. 25, 2008) (finding that the average time to litigate a patent suit in New Jersey is much longer than in the current district, and that New Jersey judges are heavily burdened with patent cases).

      GeoTag compares the statistics for the median time to trial for a civil case in the District of Delaware (30.3 months) with the median time for trial in the Eastern District of Texas (25.8 months). Motion at 16. Those same statistics indicate, however, that the median time in the Eastern District of Pennsylvania, the more relevant statistic, is only 19.6 months.

      Further, the trend in the Eastern District of Texas has been that cases are taking increasingly longer to get to trial. According to LegalMetric, a service that monitors judicial statistics, the average time to trial has been increasing in the Eastern District of Texas at a rate of approximately five months per year and is projected to be at least 40 months in 2011 (without even accounting for Judge Ward's and Judge Folsom's retirements). Al-Salam Decl., ¶ 13. Accordingly, the court congestion factor clearly favors this Court.

      GeoTag also argues that Texas is where the relevant facts arose, because that is where it has sued Plaintiffs' customers. The reasoning is circular—the fact that GeoTag sued customers

---

[8] Magistrate Judge Everingham authored the claim construction order in the prior litigation.

with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacture and when at least some of the manufacturers of the LCDs are before the court and are willing to stand behind their products in this litigation."). In fact, this is likely the reason GeoTag has sued so many customers in East Texas—to create logistical difficulties that will essentially force defendants to pay cost-of-litigation settlements on a baseless claim. [9] In contrast, the instant case will involve only three or four parties and provides the opportunity for an efficient, orderly and expedited resolution of the issues.

## V. CONCLUSION

For the reasons above, GeoTag's motion should be denied or, at the least, Plaintiffs should be given an opportunity for discovery of the facts relied upon by GeoTag.

Dated: May 23, 2011

By: */s/ Arthur G. Connolly, III*
Arthur G. Connolly III (#2667)
AConnollyIII@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Post Office Box 2207
Wilmington, DE 19899
Tel: (302) 888-6318 / Fax: (302) 658-5614

Ramsey M. Al-Salam (*Pro Hac Vice*)
ralsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: (206) 359-8000 / Fax: (206) 359-9000

*Attorneys for Plaintiffs*

---

[9] At least one judge in the Eastern District has acknowledged plaintiffs are using that district to file multi-defendant suits simply to obtain cost-of-litigation settlements. *See* March 15, 2011 Memorandum Opinion and Order at page 4 (Davis, J.) (Al-Salam Decl. Ex. 6); *Parallel Networks, LLC v. AEO, Inc.*, Civil Action No. 6:10-CV-275 (Docket No. 338, Mar. 15, 2011).