# EXHIBIT J

**BJC** **BUETHER JOE & CARPENTER, LLC**
IP AND COMMERCIAL LITIGATION

ERIC A. BUETHER
TEL. (214) 466-1271
FAX (214) 635-1827
ERIC.BUETHER@BJCIPLAW.COM

August 5, 2011

**VIA TELECOPIER**

Honorable Magistrate Judge Chad Everingham
U.S. District Court for the Eastern District of Texas
101 East Houston Street
Marshall, Texas 75670

Re:  *GeoTag Inc. v. The Western Union Co., et al.*
     Case No. 2:10-cv-574-DF-CE

Dear Judge Everingham:

We are responding on behalf of Plaintiff GeoTag, Inc., to the July 21, 2011 letter from Mr. McNabnay of Fish & Richardson to you on behalf of certain defendants in the 574 Action regarding the scheduling conference in that case set for August 9. In that letter, counsel for these defendants (the "Fish Defendants") has made certain proposals regarding the coordination of all of the GeoTag litigation.

GeoTag believes that coordinating certain pre-trial proceedings in the GeoTag litigation makes sense. For example, ensuring coordination of discovery common to all parties and cases (e.g. depositions of inventors, 30(b)(6) depositions of GeoTag or certain third parties) will serve the interests of the parties and justice. Coordinating other proceedings involving issues that are common to the GeoTag litigation will also serve these interests.

On the other hand, the Fish Defendants' proposal to postpone indefinitely the proceedings in the 574 Action and all of the other GeoTag actions until the judges in the District presiding over the GeoTag litigation determine whether all of these actions should be assigned to a single judge, and only then begin the process of determining how best to coordinate the proceedings in these lawsuits will result in undue and prejudicial delay. For example, such a delay will most certainly impede ongoing settlement discussions GeoTag is having with several defendants in these cases.

The Fish Defendants assert that "a single *Markman* proceeding for all nine actions is likely in the best interests of all parties as well as the Court." This Court, however, has already issued a claim construction ruling in *Geomas (International) Limited v. Idearc Media Services-*

EXHIBIT J

Honorable Magistrate Judge Chad Everingham
August 5, 2011
Page 2

*West, Inc.*, Civil Action No. 2:06-cv-00475-CE (E.D. Tex.), construing the terms of the '474 patent-in-suit. To the extent any further claim construction proceedings in the GeoTag litigation are necessary, they will likely be truncated and address only a few discrete issues. Coordinating this process does not appear to be complicated and does not warrant the stay of all of the GeoTag litigation in order to impose "a single schedule governing all nine of the [] GeoTag Actions through claim construction proceedings," which is what the Fish Defendants are proposing. The parties in the 574 Action and other GeoTag actions should proceed with the exchange of infringement and invalidity contentions, document production and other initial discovery efforts while counsel and the Court work on the coordination of the GeoTag litigation. There is no need to postpone the former in order to accomplish the latter efficiently.

  GeoTag believes that the scheduling conference in the 574 Action set for August 9 should go forward so counsel for the parties in that case and the Court can begin to formulate an approach for how best to manage the GeoTag litigation going forward. Significantly, counsel for several defendants in the 574 Action are also counsel for many defendants in several of the other lawsuits in the GeoTag litigation. Thus, proceeding with the scheduling conference on August 9 will facilitate and expedite the process for developing a plan for the efficient coordination of the GeoTag litigation without prejudicing GeoTag by effectively staying all proceedings in the GeoTag litigation. Postponing the scheduling conference will only result in delay for delay's sake.

                 Sincerely,

                 */s/ Eric W. Buether*

                 Eric W. Buether

EWB:slk

cc: (via electronic mail)
   Counsel of Record in Case No. 2:10-cv-574

BUETHER JOE & CARPENTER, LLC