# EXHIBIT L

| | |
|---|---|
| GEOTAG, INC.,<br><br>v.<br><br>RENT-A-CENTER, INC., *et al.* | 2:10-cv-00573-TJW-CE |
| GEOTAG, INC.,<br><br>v.<br><br>THE WESTERN UNION COMPANY, *et al.* | 2:10-cv-00574-DF-CE |
| GEOTAG, INC.,<br><br>v.<br><br>ROYAL PURPLE, INC., *et al.* | 2:10-cv-00575-TJW |
| GEOTAG, INC.,<br><br>v.<br><br>YAKIRA, L.L.C., *et al.* | 2:10-cv-00587-TJW |
| GEOTAG, INC.,<br><br>v.<br><br>WHERE 2 GET IT, INC., *et al.* | 2:11-cv-00175-DF |

**PLAINTIFF'S BRIEF REGARDING JOINT MOTION
FOR ENTRY OF DOCKET CONTROL ORDER**

EXHIBIT L

Plaintiff GeoTag, Inc. ("GeoTag") and various Defendants (collectively, "Defendants") in the above-captioned actions filed a Joint Motion for Entry of Docket Control Order on October 7, 2011 (Dkt. No. 407). The parties were able to reach agreement on numerous issues regarding a proposed docket control order and discovery order. There were, however, a few areas of disagreement. *See* Dkt. No. 407 at 4. This brief sets forth Plaintiff's positions on these issues

1. **Post-Markman and trial deadlines and procedure (including trial settings)**

2. **Whether the docket control orders already entered in the *Yellowpages* and *Frontier* Actions should still govern all post-Markman and trial deadlines or whether revised post-Markman and trial deadlines (coordinated with the Follow-On Actions are necessary**

The GeoTag litigation concerns a single patent – U.S. Patent No. 5,930,474 (the "'474 patent"). The '474 patent relates generally to geographical search technology made available through the Internet such as online yellow pages, and "store locator" and "careers" functionality found on many websites.

Plaintiff contends that a single docket control order should govern all of the GeoTag litigation through the pretrial conference stage, including the earlier-filed *Yellowpages* and *Frontier* actions in which docket control orders have already been entered. If this is not done, and separate docket control orders are entered in these earlier cases, as Defendants propose, then many of the advantages of coordinating the pre-trial proceedings and the advantage of conducting a coordinated trial on common issues in all of these related cases will be lost. The *Yellowpages* and *Frontier* actions are in the beginning stages and essentially no more advanced than any of the other GeoTag lawsuits which Defendants agree should be coordinated under a single docket control order. It makes no sense to lose the advantages of coordinating these two actions with the other GeoTag lawsuits merely because they were filed on earlier dates.

Plaintiff also proposes that the docket control order would apply to seven cases recently filed this September (Case Nos. 2:11-cv-403-05, 2:11-cv-421, and 2:11-cv-424-26), given that all of the cases comprising the GeoTag litigation are in their very early stages and, therefore, the Defendants in these newer cases would not be prejudiced by inclusion with the pending cases under the single docket control order[1]

Plaintiff proposes that the Court adopt a docket control order and trial plan providing for a trial of GeoTag's infringement and damages claims in phases, selecting similarly situated Defendants for a trial phase regarding the issues of infringement and damages, along with a consolidated trial involving all defendants regarding the issue of invalidity and any other defenses common to the Defendants in all of the GeoTag litigation. This would avoid the enormous duplication and waste of resources and waste of time that would result if the common issue of invalidity and other common defenses were litigated and tried separately for each lawsuit. It also would allow GeoTag to proceed with a trial on its claims against an appropriate number of similarly situated Defendants that would enhance efficiency and juror comprehension and provide a "bellwether" result for remaining similarly situated Defendants. Plaintiff believes that the Defendants in the GeoTag litigation can appropriately be divided into four groups for trial of infringement and damages.

Group 1 Defendants generally consist of brick and mortar retail operations with a companion website operation. Examples of Defendants falling within this group are Starbucks and Home Depot. This group of Defendants comprises the vast majority of the Defendants in the GeoTag litigation.

---

[1] Defendants object to the inclusion of these recently filed cases in any Docket Control Order resulting from this Joint Motion. Many of the defendants sued in these recently filed cases have not yet been served and have not yet had counsel appear. As a result, none of the defendants in these recently filed cases have participated in the negotiations leading up to this Joint Motion.

Group 2 Defendants essentially consist of businesses which operate exclusively or predominately online through a website, such as Match.com. or LiveNation/Ticketmaster.

Group 3 Defendants consist of businesses that operate online yellow pages or directories, such as Yellowpages.com.

Group 4 Defendants consist of geographic search technology vendors, such as Where2GetIt and Xionetic.

Conducting a trial of infringement and damages issues with respect to a select group of similarly situated Defendants within each of these groups is the most efficient and logical manner of resolving these issues. Conducting a joint trial regarding the issue of invalidity and other defenses which are common to all of the Defendants is also the most efficient and logical manner of resolving these common issues.

Following the Court's *Markman* order, Plaintiff requests a status conference to select a number of Group 1 Defendants to proceed to trial on infringement and damages. Following that selection, Plaintiff and the selected Group 1 Defendants would engage in expert discovery, dispositive and *Daubert* motion practice, and pre-trial disclosures. Plaintiff then requests a bifurcated trial on infringement, invalidity, and damages. Plaintiff respectfully proposes a bifurcated three-week trial as follows:

| Week 1 | Trial on Infringement (selected Group 1 defendants) |
|---|---|
| Week 2 | Trial on Invalidity and Other Common Defenses (all defendants) |
| Week 3 | Trial on Damages (selected Group 1 defendants) |

The total time necessary to trial all three phases may be less than three full weeks.

Contrary to Defendants' contention, the declaratory judgment actions filed by Microsoft and Google are inappropriate proceedings to determine the merits of the parties' contentions for the many reasons cited in Plaintiff's opposition to Defendants' motions to stay based upon the these retaliatory filings. In addition, it bears emphasis that no activity has occurred in those declaratory actions for months.

3. **Whether Plaintiff should limit the number of asserted claims to (10) before or after *Markman* proceedings**

4. **Whether Defendants should be limited to twenty (20) prior art references at some point during the pre-trial proceedings**

Plaintiff proposes that the docket control order contain a deadline after the Court's claim construction ruling for Plaintiff to make an election limiting the number of claims to assert at trial to 10 claims or less, and for Defendants to limit the number of asserted prior art references in support of its invalidity contentions to 20 or less references. Defendants' proposal inappropriately moves the deadline for Plaintiff to limit the number of asserted claims to six months before the claim construction hearing and omits any deadline for Defendants to limit the number of prior art references. Defendants' proposal is one-sided and provides a deadline that is not the optimum time to make such an election of asserted claims or prior art references.

This Court has frequently issued orders requiring plaintiffs and defendants to limit the number of asserted claims **and prior art references**.[2] The same rationale that has led this Court to order plaintiffs to limit the number of claims asserted has also led the Court to order defendants to limit the number of prior art references asserted. "The practice of asserting an unreasonably large number of patent claims [or prior art references] serves to obfuscate the more material issues in the case, and effectively undermines the purpose of the patent rules." *Crane*

---

[2] See Synqor, Inc. v. Artesyn Technologies, Inc., Civil Action No. 2:07-CV-497-TJW-CE (E.D. Tex. March 25, 2010); PACT XPP Technologies, AG v. Xilinx, Inc. & Avnet, Inc., Civil Action No. 2:07-CV-00563-CE (E.D. Tex. March 29, 2010).

*Co. v. Sandenvendo Am., Inc.*, 2:07-cv-042 (E.D. Tex. Aug. 15, 2008). There is no justification for Defendants to demand that Plaintiff be required to limit the number of claims it is asserting to a reasonable number, but to refuse to submit to a reasonable number limitation regarding the number of prior art references they are asserting.

Regarding the timing for the parties to reduce the number of claims and prior art references being asserted, Plaintiff believes that the following two-step approach may be the best approach. First, Plaintiff will limit the number of claims it is asserting against Defendants to 15 claims by February 10, 2012, and Defendants will limit the number of prior art references they are asserting to 30 references by April 13, 2012 (prior to claim construction). Second, Plaintiff will limit the number of claims it is asserting against Defendants to 10 claims within 10 days after the Court issues an order construing terms of the patent, and Defendants will limit the number of prior art references they are asserting to 20 references 30 days thereafter. This procedure will save the parties and Court time and resources by reasonably limiting the scope of the litigation prior to the Court's claim construction ruling, but allows the parties to make an informed decision about further reducing the number of claims and prior art references asserted based upon the Court's claim constructions. This procedure is preferable to forcing the parties to make a final decision regarding which claims and prior art references to assert without the benefit of such a critical ruling.

5.  **Requirement of Showing Good Cause to Reconsider Previously Construed Claims**

In an effort to promote uniformity and predictability in the treatment of a patent, the Supreme Court in *Markman* held that claim construction is decided as a matter of law and would thus be subject to the doctrine of *stare decisis*. *Markman v. Westview Instruments*, 517 U.S. 370, 390–91 (1996) ("[T]reating interpretive issues as purely legal will promote (though it will not

guarantee) intrajurisdictional certainty through the application of *stare decisis* . . . ."). The Federal Circuit has likewise "recognize[d] the national *stare decisis* effect that [its] decisions on claim construction have." *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998). Thus, Plaintiff contends that this Court, having already construed several terms in the '474 patent, should not be burdened with reconsideration of these questions of law absent a showing of good cause by the party seeking such reconsideration. Judges in this District have previously entered orders imposing such a requirement under these circumstances. *See SFA Systems, LLC v. 1-800 Flowers.com, Inc.*, Civil Action No. 6:09-cv-00340-LED Dkt. No. 248 (February 11, 2011 E.D. Tex.)

### 6. The appropriate limitations on 30(b)(1) and 30(b)(6) depositions

The parties have agreed to the terms of a proposed Discovery Order with the exception of one issue – the number of hours Plaintiff should be allowed to take 30(b)(6) depositions of each Defendant (or group of related Defendants). Plaintiff has agreed to a limit the number of deposition hours it can take of each Defendant to 50 total hours – 20 hours of 30(b)(1) individual depositions and 30 hours of 30(b)(6) depositions. Plaintiff has agreed that this deposition time is not "transferable" in the event a Defendant (or group of related Defendants) is dismissed from the litigation. This is 20 hours less than the 70 hours presumptively allowed by Rule 30(a)(2) of the Federal Rules of Civil Procedure. Defendants, however, insist that Plaintiff be limited to only 21 hours of 30(b)(6) deposition time – essentially only three day-long 30(b)(6) depositions – for a total of only 41 deposition hours per Defendant.

Plaintiff cannot be limited to less than 50 hours of deposition time for each Defendant without unfairly prejudicing its ability to gather the information and evidence necessary to prove its case against each Defendant. Plaintiff must obtain individualized information about

infringement and damages from each Defendant. Defendants' defenses, on the other hand, are common defenses that do not require such individualized proof and, therefore, do not require the same amount of individualized deposition discovery. In a case involving similar circumstances, this Court allowed the plaintiff **70 hours** of deposition time per defendant. *See LML Patent Corp. v. JP Morgan Chase & Co.*, Civil Action No. 2:08-cv-448 (E.D. Tex. June 9, 2009).

7. **Pre-Trial Conference Deadline**

Plaintiff has proposed a pre-trial conference deadline of March 4, 2013, in accordance with the instructions from the Court's staff in an e-mail to counsel for the Parties dated August 23, 2011.

Dated: October 26, 2011                    Respectfully submitted,

/s/ Eric W. Buether

Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
WA State Bar No. 39403
Niky.Bukovcan@BJCIPLaw.com

BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone:   (214) 466-1272
Facsimile:   (214) 635-1828

Hao Ni
hni@nilawfirm.com
NI LAW FIRM, PLLC
3102 Maple Ave., Suite 400
Dallas, Texas 75201
Telephone: (214) 800-2208
Facsimile: (214) 800-2209

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 26, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric W. Buether*
Eric W. Buether